IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN GREEN,
    Petitioner,
        v.
AIMEE SMITH,
    Respondent.

Civil Action No.
1:20-cv-2603-SDG

**OPINION AND ORDER**

This matter is before the Court for consideration of the Final Report and Recommendation (R&R) entered by United States Magistrate Judge J. Elizabeth McBath [ECF 20], which recommends that the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied without prejudice as successive. Petitioner Steven Green, who is proceeding with counsel, filed objections to the R&R.[1] After careful consideration of the record and Petitioner's objections, the Court **OVERRULES** the objections and **ADOPTS** the R&R for the reasons discussed herein.

I.   **Background**

Petitioner, an inmate at the Dooly State Prison in Unadilla, Georgia, filed the instant petition challenging his 2012 convictions in the Gwinnett County, Georgia Superior Court for malice murder, burglary, aggravated assault, possession of a

---

[1] ECF 22.

firearm or knife during the commission of a felony, and possession of a firearm by a convicted felon in the commission of a felony. Briefly, the evidence at Petitioner's trial showed that Petitioner and his codefendant were in a man's apartment when the man returned home accompanied by a friend; Petitioner attacked the man and shot and killed the friend. *Green v. Georgia*, 757 S.E.2d 856, 857 (Ga. 2014) ("*Green I*").

After his convictions and sentences were affirmed on direct appeal, *Green I*; *Green v. Georgia*, 788 S.E.2d 380 (Ga. 2016) ("*Green II*"),[2] Petitioner sought habeas corpus relief in the Baldwin County, Georgia Superior Court.[3] After that court denied relief,[4] the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of habeas corpus relief.[5] Petitioner then filed his § 2254 petition in this Court.

After Respondent and Petitioner filed their briefs, Judge McBath reviewed the parties' arguments and concluded that Petitioner had not shown that the state

---

[2] In *Green I*, the Georgia Supreme Court affirmed with respect to Petitioner's jury misconduct claim but remanded the case to the trial court for further findings related to Petitioner's ineffective assistance of trial counsel claims. In *Green II*, the court affirmed the trial court's determination that Petitioner had failed to demonstrate that his trial counsel was ineffective.

[3] ECF 10-1.

[4] ECF 10-3.

[5] ECF 10-5.

courts unreasonably determined the facts or unreasonably applied federal law in concluding that he is not entitled to relief with respect to his Grounds 2(b), 3(b), 4, 5, and 6(b).[6] Accordingly, this Court must defer to the state court judgments under 28 U.S.C. § 2254(d). The Magistrate Judge further concluded that the remainder of Petitioner's claims (Grounds 1(a), 1(b), 2(a), 3(a), and 6(a)) are procedurally defaulted because the state habeas corpus court, under an independent and adequate state rule, determined that the claims were procedurally defaulted before that court, and Petitioner had shown neither cause and prejudice nor a miscarriage of justice to excuse the default.[7] *See generally Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (discussing the procedural default rule).

## II.   Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for each objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to

---

[6]   ECF 20, at 8–20.

[7]   *Id.* at 21.

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III. Discussion

#### a) Grounds 1(a) and (b)

In his objections, Petitioner first contends that the Magistrate Judge erred in finding that the state habeas corpus court concluded that Grounds 1(a) and 1(b) are procedurally defaulted. According to Petitioner, the state court "did not find

these claims procedurally defaulted" but entirely failed to address them.[8] However, it is clear that the state court addressed these claims.

In Ground 1(a), Petitioner raised a claim of ineffective assistance of trial counsel.[9] In Ground 1(b), Petitioner claimed that the trial court erred "in failing to ensure the jury heard critical testimony."[10] The state habeas corpus court specifically ruled that "Petitioner's Grounds, in regards to trial counsel's ineffectiveness and any trial court error, could have been raised at trial and on direct appeal, and as a result, these claims are procedurally defaulted."[11] It is likewise clear that Petitioner did not raise these claims in his direct appeal, meaning that the state court was correct in concluding that the claims were procedurally defaulted. As it is clear that the claims are procedurally defaulted, Petitioner's extensive argument in his objections that he is entitled to relief on the merits of those claims is misplaced.[12] Moreover, to the degree that Petitioner contends that he has established cause and prejudice based on his counsel's

---

[8]   ECF 22, at 2. The Court notes that the petition presents Petitioner's claims in a decidedly confusing manner. For example, in Ground 1(a), Petitioner contends that trial counsel failed to "impeach the State's main witness with his prior conviction" [ECF 1, at 6], but the brief in support of his petition identifies this claim as Ground 4 in his state habeas corpus petition.

[9]   ECF 1, at 6.

[10]  *Id.*

[11]  ECF 10-3, at 8–9.

[12]  ECF 22, at 4–11.

5

ineffectiveness in his direct appeal, his claims of ineffective assistance of appellate counsel are themselves procedurally defaulted or otherwise fail. *See Hill v. Jones*, 81 F.3d 1015, 1031 (11th Cir. 1996) ("[A] claim of ineffective assistance [must] be both exhausted and not defaulted in state court before it can be asserted as cause").

### b) Ground 2(b)

Petitioner next contends that the Magistrate Judge erred in concluding that he is not entitled to relief on Ground 2(b). This claim concerns the fact that, before the jury returned to the courtroom after a recess, the trial court addressed trial counsel and said:

> Mr. Smith [Petitioner's attorney], the jury has informed Ms. Clark that sometimes they have a hard—they have a hard time hearing you. So I'm going to ask you, if you could, stay as close to the microphones as you can; or if you approach the witnesses to show them any exhibits or anything like that, that you just speak a little bit louder, because I don't want them to miss your question. Otherwise, the answer might not have as much meaning to them. So please stay close to the microphone.[13]

In his Ground 2(b), Petitioner contends that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel because of trial counsel's failure to object to the trial court's refusal to voir dire the jurors to

---

[13]   ECF 10-12.

6

determine whether the jury was entirely unable to hear key testimony regarding the location of Petitioner's cell phone during the crimes.

The state habeas corpus court determined that, because there was no evidence to demonstrate that the jury could not hear and/or understand the testimony aside from the trial court's admonition quoted above, the premise of Petitioner's claim was entirely speculative.[14] The Court agrees with the Magistrate Judge that the state habeas court was reasonable in concluding that Petitioner's Ground 2(b) failed.[15] The trial court judge's statement that the jury "sometimes" had a "hard time" hearing trial counsel's questions does not establish that the jury missed significant testimony, and Petitioner has not otherwise shown that the jury was unable to understand any testimony.[16] Petitioner thus failed to show that appellate counsel was ineffective in failing to raise this issue or that Petitioner was prejudiced under *Strickland v. Washington*, 466 U.S. 668 (1984), by such failure.

### c) Ground 3(b)

Petitioner further complains that the Magistrate Judge erred in deferring to the state court's conclusion that Petitioner was not entitled to relief regarding his Ground 3(b) claim that appellate and trial counsel were ineffective in failing to

---

[14] ECF 10-3, at 15–16.

[15] ECF 20, at 11–12.

[16] Petitioner does not claim, for example, that his current counsel was unable to speak with any of the petit jurors from his trial.

object to the trial court's failure to give a jury instruction on foreseeability, in relation to Petitioner being a party to the crimes. By way of background, Petitioner's main defense at trial was that he was not at the scene of the crime and did not know what would happen, rendering the question of whether Petitioner's actions made him a party to the crime possibly significant. During deliberations, the jury sent the court the following note:

> If person A is party to the crime that person B commits and person B commits an additional crime in the process, is person A guilty of that crime? If yes, are they guilty even if they are not present?[17]

In response, the court informed the jury that "the answer to [the question] is included in the instructions I've already given you."[18] As indicated, Petitioner now contends that trial counsel should have objected to the court's failure to give a supplemental instruction on foreseeability.[19]

Applying § 2254(d), the Magistrate Judge deferred to the state habeas corpus court's determination that

> [t]he trial court charged the jurors on the law regarding party to the crime, mere presence, and mere association. The court gave the pattern jury charge for each of these charges. Though reasonable foreseeability was never given as its own charge to the jury, the other charges,

---

[17]    ECF 10-14, at 88–89.

[18]    *Id.* at 100.

[19]    ECF 22, at 16 (citing cases for the proposition that, in order to be convicted of being a party to a crime, the crime must be foreseeable).

8

> particularly mere association, given in combination with party to the crime and mere presence, adequately cover the issue of reasonable foreseeability. An additional charge of reasonable foreseeability, given on its own, was unwarranted in Petitioner's case.[20]

Beyond disagreeing with the state habeas court's conclusion, Petitioner has not cited case law demonstrating that this conclusion "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner argues that "[d]rug deals and burglaries regularly occur without injury, much less death."[21] However, the evidence at Petitioner's trial was sufficient for the jury to find that Petitioner and his codefendant were waiting for the victim to return home,[22] indicating that what occurred was not so much a burglary as a home invasion—a circumstance in which the foreseeability of injury or death is clear. As a result, even if Petitioner could show that a foreseeability instruction should have been given, the failure of the trial court to do so would have been harmless under state law as it likely would not have contributed to the guilty verdict. *See Hodges v. Georgia*, 807 S.E.2d 856, 859 (Ga. 2017) (failure to give a requested charge, even if authorized by the evidence, can be harmless error when

---

[20]   ECF 18.

[21]   ECF 22, at 16.

[22]   ECF 10-14, at 39.

the evidence demonstrates that the charge is not necessary). Petitioner cannot show that he was prejudiced under *Strickland* by trial counsel's failure to raise this issue.

### d) Ground 4

Petitioner also argues that the Magistrate Judge erred in concluding that he is not entitled to relief with regard to his claim that one of the petit jurors lied during voir dire. Petitioner contends that

> the juror in question . . . , who served on [Petitioner's] case, answered untruthfully when he failed to respond affirmatively that he knew [Petitioner],[23] that he had previously been prosecuted in Gwinnett County or elsewhere, and that he had previously been arrested. . . . [A]lso [the j]uror [w]as untruthful because during general voir dire [the j]uror indicated that he had had a bad experience with law enforcement, but subsequently denied this during individual voir dire.

*Green I,* at 858–59. The Georgia Supreme Court concluded that the juror's inaccurate voir dire testimony did not entitle Petitioner to a new trial because Petitioner had failed to "demonstrate that correct responses by the Juror would have provided a valid basis for a challenge for cause for favor." *Id.* ("[T]he

---

[23] The Juror's testimony at the motion for new trial clarified that while Juror and Petitioner "were incarcerated in the same Gwinnett County Detention Center pod from November 2011 to February 2012… he did not know [Petitioner], [and] did not recall being incarcerated with him." *Green I*, at 858.

evidence of record does not demonstrate either [the j]uror's preconception of Petitioner's innocence or guilt or of any bias towards him.").[24]

Petitioner points out that the trial court, in denying Petitioner's motion for a new trial, stated that it would have granted a motion to exclude the juror if he had testified truthfully such that Petitioner would have had a valid basis to challenge the juror for cause. However, the "valid basis" language comes from a Supreme Court opinion, *McDonough Power Equipment v. Greenwood*, 464 U.S. 548, 556 (1984), that set the standard for when a new trial is required because a juror lied during voir dire. The Eleventh Circuit has interpreted *McDonough* to require "a showing of bias that would disqualify the juror." *United States v. Carpa*, 271 F.3d 962, 967 (11th Cir. 2001). Petitioner has not shown that the Constitution would have required the juror's disqualification, and the Georgia Supreme Court's determination that the juror's disqualification was not required is a reasonable application of *McDonough.* As the Georgia Supreme Court noted in response to Petitioner's argument that the trial judge would have excluded the juror had he

---

[24]    The Georgia Supreme Court also noted in a footnote that Petitioner did not assert that the juror was subject to disqualification based on his prior felony conviction and that, in any event, because the juror had been sentenced under Georgia's First Offender Act, O.C.G.A. § 42-8-60, *et seq.*, "he was not incompetent to serve as a petit juror under O.C.G.A. § 15-12-163(b)(5)." *Green I,* at 858 n.3.

11

known the truth, the court was bound to review "the evidence in the context of the law applicable to the post-conviction posture of the case." *Green I,* at 859 n.5.

### e)     Ground 5

Petitioner challenges the Magistrate Judge's determination that he is not entitled to relief on the Ground 5 claim that Petitioner's trial counsel was ineffective for failing to preserve an objection to the trial court's refusal to allow impeachment of the State's key witness. The witness, Marshall, was the man whom Petitioner attacked. Marshall testified that he knew and recognized Petitioner during the attack. *Green I,* at 857. Marshall later testified—falsely—that he was not a drug dealer. After that false testimony,

> the jury was excused and, while Marshall was still on the witness stand, the court questioned the veracity of Marshall's testimony that he was not a drug dealer; after questioning Marshall itself, the court found him in criminal contempt of court for not testifying truthfully, and ordered that he serve 20 days in jail for the contempt.

*Green II*, at 384.

The trial court refused to allow Petitioner's trial counsel to impeach Marshall with the contempt finding because it would "potentially interfere with the jury's independent determination of Marshall's credibility." *Id.* In determining that Petitioner could not demonstrate that trial counsel was ineffective for failing to preserve the objection to the trial court's ruling, the Georgia Supreme Court concluded that the trial court did not err because a judge may not disclose his

opinion of the credibility of a witness, and informing the jury that the judge had found Marshall in contempt would do just that. *Id.* at 385.

"The review of state court evidentiary rulings by a federal court on a petition for habeas corpus is limited to a determination of whether the error, if any, was of such magnitude as to deny petitioner his right to a fair trial." *Futch v. Dugger*, 874 F.2d 1483, 1487 (11th Cir. 1989) (quotation and citation omitted). Beyond that determination, the question of whether certain evidence may or may not be presented is purely a question of state law of which the Georgia Supreme Court is the final arbiter.

The fact that the trial court refused to allow Petitioner to present evidence that the court had held Marshall in contempt did not result in an unfair trial. Petitioner's trial counsel was able to impeach Marshall regarding the fact that Petitioner was set to be a witness against him in a criminal case at the time of Petitioner's crimes,[25] Marshall's prior inconsistent statements,[26] and Marshall's claim that he was not a drug dealer.[27] Moreover, the prosecutor admitted during closing argument that Marshall lied when he claimed that he was not a drug

---

[25]   ECF 10-12, at 218.

[26]   *E.g., id.* at 226.

[27]   *Id.* at 243–48.

dealer.[28] Accordingly, the admissibility of the impeachment evidence that Petitioner sought to introduce was purely a matter of state law, and this Court must defer to the Georgia Supreme Court's conclusion that the evidence was properly excluded. As a result, Petitioner cannot demonstrate that ineffective assistance by trial counsel related to that evidence prejudiced him because the state court would have ruled against him in any event.

### f) Ground 6(b)

Finally, Petitioner contends that the Magistrate Judge erred in concluding that he is not entitled to relief on his Ground 6(b) claim that his trial counsel was ineffective for failing to present expert testimony on cell phone location data. The state habeas court found that the expert testimony Petitioner now says his trial counsel should have presented was cumulative of the cross-examination testimony trial counsel was able to elicit during the trial.[29] Indeed, trial counsel obtained testimony from two of the State's witnesses that Petitioner's cell phone was only in the zone where the crimes were committed for three minutes and twenty-nine seconds;[30] and that testimony was a significant theme of trial

---

[28] ECF 10-14, at 52.

[29] ECF 10-3, at 12–13.

[30] ECF 10-12, at 157–58, 183–84.

counsel's closing argument.[31] Significantly, the expert whom Petitioner presented at the state habeas corpus hearing testified that the maximum time Petitioner could have been in the zone where the crimes were committed was three minutes and nineteen seconds[32]—just ten seconds shorter than the period to which the witnesses testified at Petitioner's trial. As the Eleventh Circuit has held, "evidence presented in postconviction proceedings is 'cumulative' or 'largely cumulative' to or 'duplicative' of that presented at trial when it tells a more detailed version of the same story told at trial or provides more or better examples or amplifies the themes presented to the jury." *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1260–61 (11th Cir. 2012). Such evidence is not sufficient to demonstrate prejudice under *Strickland*. *Id.* As a result, Petitioner cannot show that he was prejudiced by his trial counsel's failure to present the proposed expert testimony.

## IV. Conclusion

Having reviewed the record in light of Petitioner's objections, the Court concludes that the Magistrate Judge is correct that the petition for a writ of habeas corpus should be denied. Accordingly, Petitioner's objections [ECF 22] are **OVERRULED**, the R&R [ECF 20] is **ADOPTED** as the Order of this Court, and the

---

31   ECF 10-3, at 13.

32   ECF 10-7, at 46.

instant 28 U.S.C. § 2254 petition for a writ of habeas corpus is **DENIED**. The Clerk is **DIRECTED** to close this action.

This Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this 25th day of September, 2023.

Steven D. Grimberg
United States District Judge